1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9             **SOUTHERN DISTRICT OF CALIFORNIA**

10

| DESIREE KNATT and SARAH LOWE, | CASE NO. 15cv2516 JM(KSC) |
|---|---|
| Plaintiffs, | ORDER GRANTING MOTION TO COMPEL ARBITRATION |
| v. | |
| J. C. PENNEY CORPORATION, INC., | |
| Defendant. | |

11

12

13

14

15

16        Defendant J. C. Penney Corporation, Inc. ("JCP") moves to compel arbitration

17  of Plaintiffs Desiree Knatt and Sarah Lowe's claims asserted in the class action

18  Complaint.  Plaintiffs oppose the motion.  Pursuant to Local Rule 7.1(d)(1), the court

19  finds the matters presented appropriate for resolution without oral argument.  For the

20  reasons set forth below the court grants the motion to compel arbitration.  The Clerk

21  of Court is instructed to administratively close the file.

22                            **BACKGROUND**

23        On November 6, 2015, Plaintiffs commenced this diversity action by alleging

24  two claims for relief against JCP: (1) violation of Cal. Labor Code §227.3 and (2)

25  violation of Cal. Bus. and Prof. Code §17200 et seq.  The underlying claims of

26  Plaintiffs are related, if not identical to, those asserted in Tschudy v. J. C. Penney

27  Corp., Inc., No. 11cv1011 JM(KSC) ("Tschudy").

28        Plaintiffs are former employees of JCP and classified as Part-Time Non-

1  Management Associates ("PTNMA").  In broad brush, Plaintiffs allege that JCP's My

2  Time Off Vacation Policy ("MTO Policy") violates Labor Code §227.3 and constitutes

3  an unlawful business practice under Bus. and Prof. Code §17200.  Plaintiffs allege that

4  the 12 month waiting period and the minimum average hours of work requirement of

5  the MTO Policy are invalid under Labor Code §227.3.

6      Unlike the <u>Tschudy</u> plaintiffs, each Plaintiff executed an arbitration provision

7  which provides, in pertinent part:

8      J. C. Penney Company, Inc., including its subsidiaries (hereinafter
       "JCPenney"), and I voluntarily agree to resolve disputes arising from,
9      related to, or asserted after the termination of my employment with
       JCPenney through mandatory binding arbitration under the JCPenney
10     Rules of Employment Arbitration.  JCPenney and I voluntarily waive the
       right to resolve these disputes in courts.
11
       I acknowledge that I was given the opportunity to review the Rules and
12     consult with an attorney prior to signing this Agreement.  I understand
       that I will, however, be bound by this Agreement and the Rules once I
13     sign electronically, regardless of whether I have reviewed the Rules, or
       consulted with an attorney prior to signing.  I hereby agree to arbitrate
14     disputes covered by and pursuant to the JCPenney Rules of Employment
       Arbitration.
15

16 (Buckingham Decl. Exhs. B and C).

17     JCP now moves to compel arbitration of Plaintiffs' claims.  Plaintiffs oppose the

18 motion.

19                            **DISCUSSION**

20     The Federal Arbitration Act ("FAA") provides that:

21     a written provision in . . . a contract evidencing a transaction involving
       commerce to settle by arbitration a controversy thereafter arising . . . shall
22     be valid, irrevocable and enforceable, save upon such grounds as exist at
       law or equity for the revocation of any contract.
23

24 9 U.S.C. §2.  The FAA establishes federal policy favoring arbitration of disputes.

25 Federal courts are required to "rigorously" enforce the parties agreement to arbitrate.

26 <u>Shearson/American Express, Inc. v. McMahon</u>, 482 U.S. 220 (1987).  Indeed, "any

27 doubts concerning the scope of arbitrable issues should be resolved in favor of

28 arbitration, whether the problem at hand is the construction of the contract language

- 2 -                                                    15cv2516

1    or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone

2    Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983).

3         [W]here a contract contains an arbitration clause, there is a presumption
         of arbitrability in a sense that [a]n order to arbitrate the particular
4         grievance should not be denied unless it may be said with positive
         assurance that the arbitration clause is not susceptible of an interpretation
5         that covers the asserted dispute.  Doubts should be resolved in favor of
         coverage.
6

7    A.T.&T. Tech. Inc. v. Communications Workers of America, 475 U.S. 643, 650 (1986)

8    (citations omitted).

9         The FAA creates "a body of federal substantive law of arbitrability," enforceable

10   in both state and federal courts and preempting any state laws or policies to the

11   contrary. Moses H. Cone, 460 U.S. at 24.  "The availability and validity of defenses

12   against arbitration are therefore to be governed by application of federal standards."

13   Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 285 (9th Cir. 1988).  This body

14   of federal law also requires that federal courts apply state law, "whether of legislative

15   or judicial origin [] if that law arose to govern issues concerning the validity,

16   revocability and enforceability of contracts generally." Perry v. Thomas, 482 U.S. 483,

17   493, fn. 9 (1987).  Thus, state law applies to interpret arbitration agreements as long

18   as those state laws are generally applicable to all contracts, and not just agreements to

19   arbitrate.

20        In opposing the motion to compel arbitration, Plaintiffs generally contend that

21   the arbitration provision is unconscionable and their claims are excluded from the

22   scope of the FAA by the National Labor Relations Act ("NLRA"), 29 U.S.C. § 157 et

23   seq.

24   **Unconscionability**

25        Under California state law the court may invalidate an unconscionable contract

26   provision. Civil Code section 1670.5, subdivision (a) states: "If the court as a matter

27   of law finds the contract or any clause of the contract to be unconscionable at the time

28   it was made the court may refuse to enforce the contract, or it may enforce the

1 remainder of the contract without the unconscionable clause, or it may so limit the

2 application of any unconscionable clause as to avoid any unconscionable result."

3       Unconscionability has both a procedural and a substantive element. <u>Stirlen v.</u>

4 <u>Supercuts, Inc.</u>, 51 Cal.App.4th 1519,1531 (1997). Both elements must be present for

5 a contract or a clause therein to be invalidated, but they need not be present in the same

6 degree. <u>Armendariz v. Found Health Psychare Servs.</u>, 24 Cal.4th 83, 114 (2000);

7 <u>Stirlen</u>, 51 Cal.App.4th at 1533. A sliding scale is utilized so that, for example, the

8 more substantively oppressive a contract is, the lesser the showing of procedural

9 unconscionability is required to conclude the contract is unconscionable. <u>Armendariz</u>,

10 24 Cal.4th at 114.

11       <u>Procedural Unconscionability</u>

12       Procedural unconscionability is oppression or surprise arising out of unequal

13 bargaining power, which results from a lack of real negotiations and the absence of

14 meaningful choice. <u>Stirlen</u>, 51 Cal.App.4th at 1532. Procedural unconscionability

15 often arises when the contract in question is one of adhesion. <u>Id.</u> at 1533. A contract

16 of adhesion is a "a standardized contract, which, imposed and drafted by the party of

17 superior bargaining strength, relegates to the subscribing party only the opportunity to

18 adhere to the contract or reject it." <u>Id.</u>

19       Here, as noted by Plaintiffs, the arbitration provision is an adhesive contract and

20 was presented to Plaintiffs on a take-it-or-leave-it basis. This factor favors a finding

21 of procedural unconscionability. However, the fact that it was presented on a take-it-

22 or-leave-it basis does not render the arbitration provision unenforceable. <u>See</u> <u>Dotson</u>

23 <u>v. Amgen</u>, 181 Cal.App. 4th 975, 981 (2010) ("A contract of adhesion is not per se

24 unenforceable.").

25       Another factor is surprise. Plaintiffs testified that they were provided with the

26 opportunity to access and read the arbitration provision as well as JCP's Rules of

27 Employment Arbitration before executing the document. Further, Plaintiffs were

28 provided with up to seven days to review and execute the documents after they started

1  their employment.  While Plaintiffs contend that they had no "meaningful opportunity"

2  to review the documents, the evidence shows that Plaintiffs had an adequate

3  opportunity to review the arbitration provision (whether Plaintiffs took advantage of

4  this opportunity is another matter, not relevant to the present discussion).  See Kinney

5  v. United Healthcare Servs., Inc., 70 Cal.App. 4th 348, 352-53) (to determine

6  procedural unconscionability, the court considers the manner in which the contract was

7  negotiated and relevant circumstances of the parties).  This factor weighs against a

8  finding of procedural unconscionability.

9      Another factor is choice.  JCP, by any stretch of the imagination, does not

10  control the labor market nor possess monopoly power to lock Plaintiffs out of the labor

11  market.  JCP is one employer among thousands of employers in San Diego County.

12  Plaintiffs were, and are, free to seek private or government employment of their choice.

13  Plaintiffs were presented with sufficient information upon which prospective

14  employees could make an informed decision whether to accept employment with JCP,

15  subject to an arbitration provision or, alternatively, seek employment elsewhere.  This

16  factor weighs against a finding of procedural unconscionability.

17      In sum, the court concludes, under the sliding scale articulated in Armendariz,

18  that the arbitration provision is minimally procedurally unconscionable such that

19  Plaintiffs must make a substantial showing of substantive unconscionability.

20      Substantive Unconscionability

21      Substantive unconscionability arises when (1) the contract terms are so one-sided

22  as to shock the conscience or (2) the contract terms imposed are harsh or oppressive.

23  Stirlen, 51 Cal.App.4th at 1532.  Plaintiffs contend that the arbitration provision is

24  substantively unconscionable because (1) the arbitration provision and Rules of

25  Arbitration "are presumed to be substantively unconscionable" and not bilateral, (2) the

26  Rules of Arbitration have different filing deadlines than either the Federal Rules of

27  Civil Procedure or California's Rules of Court, and (3) several miscellaneous reasons

28  favor litigation over arbitration.  The court concludes that the grounds of substantive

1   unconscionability identified by Plaintiffs are insufficient to invalidate the arbitration

2   provision.

3       Plaintiffs first argue that the Rules of Arbitration are not bilateral because

4   employees are more likely to commence arbitration proceedings than JCP.  As the

5   Rules of Arbitration contain certain limitations, such as the number of pages in a

6   complaint and a nine-point font, Plaintiffs conclude that the arbitration provision

7   overwhelmingly burdens Plaintiffs and is, therefore, substantively unconscionable.[1]

8   Plaintiffs' reliance on Ingle v. Circuit City Stores, Inc., 328 F.3d 1165 (9th Cir. 2003)

9   to support this argument is misplaced.  In Ingle, the Ninth Circuit concluded that

10  arbitration provisions in the employment context "are grossly one-sided, and therefore

11  presumptively substantively unconscionable."  Id. at 1174 n.10.   The court declines

12  to follow this portion of Ingle because the Supreme Court has repeatedly instructed that

13  agreements to arbitrate are to be "rigorously enforced," Shearson/American Express,

14  482 U.S. 220, and the Ninth Circuit's presumption that arbitration provisions in the

15  employment context are substantively unconscionable runs counter to Supreme Court

16  precedent that arbitration provisions should be treated no differently than other

17  contracts. DirecTV, Inc. v. Imburgia, 136 S.Ct. 463, 471 (2015) (unique interpretation

18  of arbitration contract was invalid because it did not apply to non-arbitration contracts);

19  Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82 (2008) (The very

20  purpose of the FAA was to reverse perceived "judicial indisposition" to arbitration

21  agreements and to place those agreements on equal footing with all other contracts.).

22      Next, Plaintiffs contend that the arbitration agreement is substantively

23  unconscionable because the time periods to file an answer, oppositions for motions to

24  dismiss, and oppositions to motions for summary judgment are different under the

25  Rules of Arbitration than either the Federal Rules of Civil Procedure or California

26

27      [1] As noted by Plaintiffs, neither JCP nor any employee has ever commenced an
    arbitration proceeding against the other party.  This evidence undermines Plaintiffs'
28  argument that employees are more likely to commence arbitration proceedings than
    JCP.

1 Rules of Court.  While these three sets of procedural rules contain different filing

2 deadlines, Plaintiffs make no showing that the time periods provided in the Rules of

3 Arbitration are insufficient to accomplish the objective of the filing or, are in any other

4 manner, harsh or oppressive.  As such, this argument fails to establish substantive

5 unconscionability.

6        Finally, Plaintiffs raise a number of miscellaneous arguments that the arbitration

7 provision is substantively unconscionable because (1) employees are prohibited from

8 resorting to Small Claims Court, (2) there is a $75 filing fee, (3) the statute of

9 limitations is not tolled unless an aggrieved employee files a complaint and pays the

10 filing fee, and (4) no employee has ever commenced an arbitration proceeding against

11 JCP.  The court gives short shrift to these arguments: (1) arbitration, by its very nature,

12 precludes access to government courts, including Small Claims Court; (2) the filing fee

13 is substantially lower than the filing fee in federal court ($400) and cannot reasonably

14 be construed as overly harsh or oppressive; (3) there is no showing that the tolling of

15 the statute of limitations is overly harsh or burdensome (or even applicable under the

16 present circumstances) and (4) the fact that no employee or JCP has ever commenced

17 an arbitration provision against the other party does not demonstrate overly harsh or

18 oppressive conduct that would invalidate the arbitration provision.

19        In sum, the arbitration provision is not unconscionable.

20 **The NLRA**

21        In broad brush, Plaintiffs characterize their claims as arising under the NLRA,

22 which expressly provides that employees have the right to engage in collective actions,

23 29 U.S.C. §157, and are therefore not subject to arbitration under Rule of Arbitration

24 3.A.4.  The difficulty with this argument is that Plaintiffs' claims do not arise under the

25 NLRA.  JCP's MTO Policy is a non-ERISA welfare benefit plan, not subject to the

26 scope of ERISA.  Under ERISA, a "welfare benefit plan" is a term of art that expressly

27 excludes "payroll practices" such as vacation time compensation paid out of an

28 employer's "general assets."   29 C.F.R. §2510.3-1(b)(3)(i); see Massachusetts v.

1   Morash, 490 U.S. 107, 120-21 (1989) ("a single employer's administration of a

2   vacation pay policy from its general assets does not possess the characteristics of a

3   welfare benefit plan"). As Plaintiffs' claims do not relate to an ERISA welfare benefit

4   plan, the court does not reach other NLRA-related arguments raised by Plaintiffs.

5        In sum, the court grants the motion to compel arbitration. The court instructs the

6   Clerk of Court to dismiss the complaint and to close the file. In the event any party

7   desires to stay, rather than to dismiss the complaint, that party shall make a timely

8   application to stay this proceeding. See 9 U.S.C. §3.

9        **IT IS SO ORDERED.**

10   DATED: March 30, 2016

11   _____

12   Hon. Jeffrey T. Miller
     United States District Judge

12   cc:          All parties

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28